**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JACKSON LEWIS LLP
    One North Broadway, 15th Floor
    White Plains, New York 10601
    (914) 328-0404
    Jonathan M. Kozak
    Michael A. Jakowsky
    *Attorneys for Defendants*

------------------------------------------------------x

CASSANDRA GREENE and ELIZABETH GOFF,
individually and on behalf of all other persons
similarly situated who were employed by C.B.
HOLDING CORP. d/b/a CHARLIE BROWN'S
STEAKHOUSE; CHARLIE BROWN'S
ACQUISITION CORP.; CHARLIE BROWN'S OF
COMMACK, LLC; CHARLIE BROWN'S OF
HOLTSVILLE, LLC; and/or any other entities
affiliated with or controlled by C.B. HOLDING
CORP. d/b/a CHARLIE BROWN'S
STEAKHOUSE; CHARLIE BROWN'S
ACQUISITION CORP.; CHARLIE BROWN'S OF
COMMACK, LLC; CHARLIE BROWN'S OF
HOLTSVILLE, LLC,

                             Plaintiffs,

             -against-

C.B. HOLDING CORP. d/b/a CHARLIE
BROWN'S STEAKHOUSE; CHARLIE BROWN'S
ACQUISITION CORP.; CHARLIE BROWN'S OF
COMMACK, LLC; CHARLIE BROWN'S OF
HOLTSVILLE, LLC; and/or any other entities
affiliated with or controlled by C.B. HOLDING
CORP. d/b/a CHARLIE BROWN'S
STEAKHOUSE; CHARLIE BROWN'S
ACQUISITION CORP.; CHARLIE BROWN'S OF
COMMACK, LLC; CHARLIE BROWN'S OF
HOLTSVILLE, LLC; and SAMUEL BORGESE,

                          Defendants.

------------------------------------------------------x

Civ. No. 10 CV 1094 (JBW) (CLP)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' "MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO THE CLASS" AND "MOTION TO AMEND THE COMPLAINT"**

# TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ............................................................................................................4

   I.   PROCEDURAL HISTORY. ...............................................................................4

   II.  RELEVANT FACTS. .........................................................................................4

        A.  The Named Plaintiffs. ............................................................................4

        B.  The Defendants And Their Organizational Structure. .............................5

        C.  Defendants' Open Door Policy. ..............................................................7

        D.  Plaintiffs' Allegations. ...........................................................................8

ARGUMENT .................................................................................................................10

POINT I: PLAINTIFFS ARE NOT SIMILARLY SITUATED TO THE BROAD
          PROPSED COLLECTIVE CLASS BECAUSE THEY FAIL TO PRESENT
          A MODEST FACTUAL SHOWING OF A COMMON POLICY OR PLAN
          THAT VIOLATED THE LAW. .........................................................................10

        A.  Plaintiffs' Proposed Company-Wide Collective Action Group Is An
            Unsupportable Fishing Expedition. ......................................................11

        B.  Plaintiffs' Proposed Collective Action Group Who Are/Were Not Servers,
            Hosts(Esses), Or Bartenders At The Commack And Holtsville Restaurants,
            Or Salad Makers At The Old Tappan Restaurant Is Not Supported By Any
            Factual Allegations, Much Less Any Modest Factual Showing. ..................16

           1.  The Allegations Regarding Improper Retention Of Tips Are Limited
              To Servers and Bartenders At The Commack And Holtsville
              Restaurants.........................................................................................17

           2.  The Affidavits Only State That Employees At the Commack And
               Holtsville Restaurants Were Required To Attend Mandatory One To
              Two Hour Meetings (Every Six Weeks). ...................................................19

           3.  Plaintiffs' Overtime Claim Is Inappropriate For Employees Other Than
              Salad Makers At The Old Tappan Restaurant. ..........................................19

**Page No.**

C.  If The Court Grants Plaintiffs' Motion For Conditional Certification, Notice Should Be Limited To Two Years. ....................................................20

POINT II:    THE MOTION TO AMEND SHOULD BE DENIED.............................................21

POINT III:   IF THE COURT APPROVES A CONDITIONAL COLLECTIVE ACTION CLASS PLAINTIFFS' PROPOSED NOTICE MUST BE MODIFIED................................................................................................22

A.  The Group Identified To Receive The Notice Is Inconsistent And Unclear. ....................................................................................22

B.  Minimal Information In The Notice Regarding Defendants' Position Is Unfairly Prejudicial........................................................23

C.  The Notice Is Not Facially Neutral And Misleads Potential Opt-Ins With Respect To Their Obligations. ....................................23

CONCLUSION .....................................................................................................................25

# TABLE OF AUTHORITIES

## FEDERAL CASES

**PAGE**

Anglada v. Linen 'N Things, Inc., 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105,
(S.D.N.Y. April 26, 2007) ...................................................................................12, 16, 18

Bah v. Shoe Mania, Inc., No. 08 Civ. 9380, 2009 U.S. Dist. LEXIS 40803 (S.D.N.Y.
May 13, 2009).........................................................................................................23, 25

Belcher v. Shoeney's, Inc., 927 F. Supp. 249 (M.D. Tenn. 1996)..................................23

Belt v. Emcare, Inc., 299 F. Supp. 2d 664 (E.D. Tenn. 2003).......................................23

Bernard v. Household International, Inc., 231 F. Supp. 2d 433 (E.D. Va. 2002) ............11, 15, 16

Boekemeier v. Fourth   Universalist Society in the City of New York, 86 F. Supp. 2d 280
(S.D.N.Y. 2000)...................................................................................................20

Bowrin v. Catholic Guardian Social, 417 F. Supp. 2d 449 (S.D.N.Y. 2006)................................20

Brock v. Superior Care, Inc., 840 F.2d 1054 (2nd Cir. 1988)........................................20

Burkhart-Deal v. Citifinancial, Inc., No. 07-1747, 2010 U.S. Dist. LEXIS 9534 (W.D.
Pa. Feb. 4, 2010) .........................................................................................16

Castro v. Spice Place, Inc., No. 07 Civ. 4657, 2009 U.S. Dist. LEXIS 7678 (S.D.N.Y.
Jan. 29, 2009).....................................................................................................10

Diaz v. Electronics Boutique of America, Inc., 04-CV-0840E, 2005 U.S. Dist. LEXIS
30382 (W.D.N.Y. Oct. 17, 2005) .........................................................................20

Dreyer v. Altchem Environmental Services, Inc., 06-2393, 2007 U.S. Dist. LEXIS 71048
(D. N.J. Sept. 25, 2007) ..................................................................................13, 20

Eng-Hatcher v. Sprint Nextel Corp., 07 Civ. 7350, 2009 U.S. Dist. LEXIS 127262
(S.D.N.Y. Nov. 13, 2009)...................................................................................11

Fengler v. Crouse Health Foundation, Inc., 595 F. Supp. 2d 189 (N.D.N.Y. 2009)....................17

Freeman v. Wal-Mart Stores, Inc., 256 F. Supp. 2d 941 (W.D. Ark. 2003) ................................11

**PAGE**

Hanley v. Hand n' Heart, L.L.C., No. 4: 06-CV-71, 2007 U.S. Dist. LEXIS 64661 (E.D. Va. Aug. 31, 2007) ........................................................................................................... 11

Lai v. Donna Karan Store Corp., 99 Civ. 2095, 1999 U.S. Dist. LEXIS 13458 (S.D.N.Y. Sept. 1, 1999) ................................................................................................ 22

Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) ............................ 15, 18

Levinson v. Primedia, Inc., No.   02 Civ. 2222, 2003 U.S. Dist. LEXIS 20010 (S.D.N.Y. Nov. 6, 2003) ................................................................................................................... 10

Mena v. McArthur Dairy, No. 09-12657, 2009 U.S. App. LEXIS 21142 (11th Cir. Sept. 22, 2009) ........................................................................................................................ 20

Monger v. Cactus Salon & Spa's LLC, 08-CV-1817, 2009 U.S. Dist. LEXIS 60066 (E.D.N.Y. July 6, 2009) ....................................................................................................... 15, 18

Morales v. Plantworks, Inc., 05 Civ. 2349, 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006) .................................................................................................. 12

Prizmic v. Armour, Inc., 05-CV-2503, 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006) ............................................................................................... 10, 11

Roe v. CC Services, Inc., No. 04-CV-4051, 2005 U.S. Dist. LEXIS 36381 (S.D. Ill. Aug. 10, 2005) ............................................................................................................................ 22

Seever v. Carrols Corp., 528 F. Supp. 2d 159 (W.D.N.Y. 2007) ........................................... 13, 16

Torres v. CSK Auto, Inc.,   EP-03-CA-113, 2003 U.S. Dist. LEXIS 25092 (W.D. Tex. Dec. 17, 2003) .................................................................................................. 16

## FEDERAL STATUTES

29 U.S.C. § 216(b)........................................................................................................... 4, 10

Defendants, C.B. HOLDING CORP. d/b/a CHARLIE BROWN'S STEAKHOUSE, CHARLIE BROWN'S ACQUISITION CORP., CHARLIE BROWN'S OF COMMACK, LLC, CHARLIE BROWN'S OF HOLTSVILLE, LLC, and SAMUEL BORGESE (collectively referred to herein as "Defendants"), through their undersigned attorneys, respectfully submit this Memorandum of Law in opposition to "PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO THE CLASS" ( "Plaintiffs' Conditional Certification Motion") and Plaintiffs' Motion to Amend the Complaint ("Plaintiffs' Motion to Amend").

## PRELIMINARY STATEMENT

Plaintiffs' Conditional Certification Motion under the Fair Labor Standards Act ("FLSA"), Section 216(b), is legally deficient and, even under the lenient modest factual showing standard is not sufficiently supported by the allegations in Plaintiffs' complaint, their proposed amended complaint, or their motion papers.    The class action complaint (the "Complaint") asserts claims against Defendants for alleged unpaid minimum wages and overtime, purportedly improper retention of gratuities by managers, and unlawful wage deductions.   These claims were brought under the FLSA and the New York State Labor Law. On June 18, 2010, together with their conditional certification motion, Plaintiffs filed a motion for leave to file an amended complaint (the "Proposed Amended Complaint") seeking to add an individual named Martin Tello as a party plaintiff, and seeking to add causes of action for unpaid minimum wages and overtime under the New Jersey and Pennsylvania State Labor Laws. Plaintiffs purport to bring the aforementioned causes of action on behalf of themselves and other similarly situated individuals.

Plaintiffs' Conditional Certification Motion seeks approval from the Court to authorize notice and the opportunity to opt-in to this case under the FLSA to a collective action class consisting of "[t]he plaintiffs and all current and former employees of... [defendants], who performed work as wait staff, hosts(esses), bartenders, salad makers, dishwashers, and other restaurant related tasks throughout New York, New Jersey, and Pennsylvania from 2007 through the present.   Corporate officers, shareholders, directors, administrative employees, and other customarily exempt employees are not part of the defined class."[1]   (Pls.' MOL at 7).[2] Defendants, and their affiliated entities, own and operate forty-nine (49) Charlie Brown's Steakhouse restaurants in New York, New Jersey and Pennsylvania. (Godfrey Aff. ¶6).[3]  During the requested FLSA limitations period, from March 2007 to present day, there have been in excess of 9,200 individuals in the broad classification of positions within Plaintiffs' proposed collective action group employed at all of the Charlie Brown's Steakhouse restaurants.  (Godfrey Aff. ¶14; Hand Aff. ¶8).[4]  Yet, in support of their Conditional Certification Motion seeking Court approval to invite that enormous group to join this lawsuit, Plaintiffs rely upon eight largely boilerplate affidavits from individuals who worked in four positions at three restaurants during

[1]      Plaintiffs' proposed Notice of Pendency is addressed to a different collective action group.  Specifically, the Notice is addressed to "[a]ll individuals who furnished labor to...[Defendants]...commencing on or after March 1, 2007 (the "Class" and individually the "Class Member(s)").  Supervisors, officers, executive, managerial or administrative personnel are not part of the defined class."  Defendants assume, for purposes of this Motion, that Plaintiffs seek to certify the collective action group identified in their Memorandum of Law, since the group identified in Plaintiffs' proposed Notice is unquestionably overly broad, and could arguably include individuals with no employment related connections to Defendants.

[2]      Plaintiffs' Memorandum of Law in Support of their Motion for Conditional Certification and Notice to the Class is hereinafter referred to as "Pls.' MOL at __."

[3]      Affidavits in support of Defendants' opposition to Plaintiffs' motions are attached to the attorney Affirmation of Jonathan M. Kozak, Esq. in Support of Defendants' Opposition to Plaintiffs' Motion ("Kozak Affirmation").  "Godfrey Aff." refers to the Affidavit of Craig Godfrey, Executive Vice President of Operations which is attached as Exhibit "C" to the Kozak Affirmation.

[4]      "Hand Aff." refers to the Affidavit of Julia Hand, Senior Director of Corporate Benefits, which is attached as Exhibit "D" to the Kozak Affirmation.

the relevant time period.  Plaintiffs' affidavits do not contain any facts regarding personal knowledge of alleged similarly-situated persons from other Charlie Brown's Steakhouse restaurants.

Plaintiffs' Conditional Certification Motion should be denied because Plaintiffs have failed to demonstrate that the proposed collective action group was subject to any common policy or plan that violated the FLSA.  Even assuming *arguendo* the proposed collective action group was subject to a uniform policy or plan, which they were not, Plaintiffs have not alleged sufficient facts to support certification of the requested company-wide group, essentially composed of all non-management personnel.  Plaintiffs' Complaint allegations and affidavits in support of their Conditional Certification Motion refer to servers, a hostess, and salad makers at two restaurants in New York (Commack and Holtsville) and one restaurant in New Jersey (Old Tappan).  At most, the conditional collective action group must be limited to current and former servers and hosts who worked at the Commack and Holtsville, New York restaurants, and (if the complaint is permitted to be amended) salad makers at the Old Tappan, New Jersey restaurant. Moreover, to the extent the Court permits notice to be sent to potential members of the collective action, Plaintiffs' proposed notice is overbroad, defective in several respects and should not be approved without substantial modification.

In addition, Defendants oppose Plaintiffs' Motion to Amend on the grounds that the claims of Martin Tello, and others allegedly similarly situated in Old Tappan, New Jersey, do not arise out of the same facts and circumstances as Plaintiffs' claims in this action.  In addition, Tello is not similarly situated, in any manner, to the originally named Plaintiffs.  Further, the claims under Pennsylvania law are futile as none of the Plaintiffs, or persons properly deemed

similarly situated, were employed in Pennsylvania or was otherwise subjected to the wage-hour laws of Pennsylvania.

## BACKGROUND

### I.      PROCEDURAL HISTORY.

Plaintiffs Elizabeth Goff and Cassandra Greene filed a Complaint with this Court on March 10, 2010.  Defendants filed their Answer to the Complaint on April 5, 2010.  On June 18, 2010, Plaintiffs filed a Motion to Amend the Class Action Complaint seeking to add an additional named Plaintiff, Martin Tello, and causes of action under New Jersey and Pennsylvania Labor Laws.  Plaintiffs' Motion to Amend the Class Action Complaint is currently pending before this Court.

Also on June 18, 2010, Plaintiffs filed their Conditional Certification Motion seeking conditional certification of an FLSA collective action class under 29 U.S.C. § 216(b).  As stated above, the Conditional Certification Motion seeks to preliminary certify a collective action class (for notice) of essentially all non-exempt employees of all Charlie Brown's Steakhouse restaurants.  As demonstrated below, Plaintiffs have not provided factual support, even under their minimal burden, to warrant conditional certification of such an overly broad, company-wide group.

### II.     RELEVANT FACTS.

#### A.      The Named Plaintiffs.

Plaintiff Goff is employed as a server at Defendants' Commack, New York Restaurant (the "Commack Restaurant").  Plaintiff Goff's employment at the Commack Restaurant commenced on September 17, 2007.

Plaintiff Greene has been employed as a hostess at the Commack Restaurant and

4

the Holtsville, New York Restaurant (the "Holtsville Restaurant").    Plaintiff Greene's

employment at the Commack Restaurant commenced on July 30, 2008.[5]

### B.    The Defendants And Their Organizational Structure.

Defendant C.B. Holding Corp. is organized and incorporated under the laws of

the State of Delaware, has a place of business at 1450 Route 22 West, Mountainside, New

Jersey, and is engaged in the business of asset management for Charlie Brown's Steakhouse

restaurants.  (Defs.' Answer ¶12).[6]  Defendant Charlie Brown's Acquisition Corp. is organized

and incorporated under the laws of the State of Delaware, has a place of business at 1450 Route

22 West, Mountainside, New Jersey, and is engaged in the casual dining restaurant business.

(Defs.' Answer ¶13).    Defendant Charlie Brown's of Commack, LLC is a limited liability

company organized and incorporated under the laws of the State of New York, has a place of

business at 88 Veterans Memorial Highway, Commack, New York 11725, and is engaged in the

business of operating a restaurant at that location.  (Defs.' Answer ¶14).  Charlie Brown's of

Holtsville, LLC is a limited liability company organized and incorporated under the laws of the

State of New York, has a place of business at 45 Middle Avenue, Holtsville, New York 11742,

and is engaged in the business of operating a restaurant at that location.  (Defs.' Answer ¶15).

Samuel Borgese is the President and Chief Executive Officer of C.B. Holding Corp. (Defs.'

Answer ¶16; Borgese Aff. ¶1).[7]

Charlie Brown's Steakhouse restaurants are quality casual dining restaurants that

have been operated at locations in and around the Tri-State area for over 40 years.  There are

---

[5]      In Plaintiff Greene's affidavit submitted in support of the instant Motion, she contends her employment
with Defendants ceased in June 2010.

[6]      A true and correct copy of Defendants' Answer to Plaintiffs' Class Action Complaint is attached as Exhibit
"B" to the Kozak Affirmation.

[7]      "Borgese Aff." refers to the Affidavit of Samuel N. Borgese, President and Chief Executive Officer of
Charlie Brown's Acquisition Corp., which is attached as Exhibit "E" to the Kozak Affirmation.

forty-nine (49) Charlie Brown's Steakhouse restaurants located throughout New York, New Jersey, and Pennsylvania. (Godfrey Aff. ¶6).[8]   From March 2007 to the present, there are approximately 9,200 persons who have worked as hourly non-exempt employees at all Charlie Brown's Steakhouse restaurants.  (Hand Aff. ¶8).

Each restaurant is staffed by employees working in various non-exempt positions, including, but not limited to servers, bartenders, salad makers, busboys, dishwashers, cooks, and kitchen helpers. (Fennelly Aff. ¶7; Recine Aff. ¶5; Passione Aff. ¶5; Crowder Aff. ¶3; Slain Aff. ¶4; Papagiannakis Aff. ¶7).[9]   These non-exempt employees are typically supervised, on a daily basis, by a rotation of assistant managers, managers, first managers, and senior managers. (Fennelly Aff. ¶8; Recine Aff. ¶6; Passione Aff. ¶6; Crowder Aff. ¶4; Slain Aff. ¶5; Papagiannakis Aff. ¶8). In charge of each restaurant is a General Manager.   The General Manager is responsible for interviewing, selecting and training of employees; setting and adjusting rates of pay and scheduled work hours; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; apportioning the work among the employees; providing for the safety and security of the employees and the property; planning and controlling the budget; and monitoring or implementing legal compliance

---

[8]      Charlie Brown's Acquisition Corp. subsidiaries also own and operate two separate restaurant brands called The Office Beer Bar & Grill and, beginning in June 2007, Bugaboo Creek Steak House. (Godfrey Aff. ¶7). Neither Plaintiffs' Complaint, nor any of their affidavits make any reference to employees of The Office Beer Bar & Grill or Bugaboo Creek Steak House.  Plaintiffs do not purport to allege similarly situated persons also include employees of those separate restaurant brands.

[9]      The Affidavits of several General Managers of Charlie Brown's Steakhouse restaurants are attached as Exhibit "F" to the Kozak Affirmation.  "Fennelly Aff.", "Recine Aff.", "Passione Aff.", "Crowder Aff.", "Papagiannakis Aff.", and "Slain Aff." refer to the Affidavits of Larry Fennelly, Angelo Recine, Giovanni Passione, Kea Crowder, Nick Papagiannakas and Timothy Slain, who are each employed as the General Manager of a different Charlie Brown's Steakhouse restaurant.

measures.  (Fennelly Aff. ¶13; Recine Aff. ¶11; Passione Aff. ¶11; Crowder Aff. ¶9; Slain Aff. ¶10; Papagiannakis Aff. ¶13).   As such, the General Manager is, almost autonomously, responsible for all wage-hour practices at his/her particular restaurant.   (Godfrey Aff. ¶13; Fennelly Aff. ¶14; Recine Aff. ¶12; Passione Aff. ¶12; Crowder Aff. ¶10; Slain Aff. ¶11; Papagiannakis Aff. ¶14).

Each General Manager reports to a Regional Manager.   (Godfrey Aff. ¶10). Regional Managers are charged with ensuring operational efficiency of all restaurants within his/her region. (Godfrey Aff. ¶11).   The Regional Manager reports to the Executive Vice President of Operations, Craig Godfrey.  (Godfrey Aff. ¶8).  Defendants employ approximately seven (7) Regional Managers for Charlie Brown's Steakhouse restaurants in New York, New Jersey, and Pennsylvania.  (Godfrey Aff. ¶10).  The Executive Vice President of Operations, in turn, reports to the President and Chief Executive Officer, Samuel Borgese.  (Godfrey Aff. ¶9).

### C.   **Defendants' Open Door Policy.**

There are well-established policies regarding lawful wage and hour practices, and addressing general employee behavior and conduct applicable to all Charlie Brown's Steakhouse restaurants.   Defendants' commitment to wage-hour compliance is embodied in its Code of Conduct, tip pooling policy, time recording policy and overtime policy.  (Hand Aff. Ex. 1).  In fact, the tip pooling policy and policy regarding employee time keeping were reissued to managers as recently as November 2009.  (Hand Aff. Ex. 2).

There also is an "open door" policy (with a toll-free telephone hotline or email address for direct or anonymous complaints), as well as a comprehensive complaint procedure whereby any employee who believes that he/she was not properly compensated can bring the issue to the Company's attention.  (Hand Aff. ¶16; Hand Aff. Ex. 5).  Information regarding the

"open door" policy is not only distributed to employees, but is also prominently posted at all Charlie Brown's Steakhouse restaurants. (Hand Aff. ¶17;  Hand Aff. Ex. 6).

**D.**     <u>**Plaintiffs' Allegations.**</u>

Plaintiffs allege they and other tipped employees were not paid in accordance with the FLSA and New York Labor Law.  Plaintiffs claim their restaurant managers unlawfully retained portions of their gratuities.  Plaintiffs also allege they and others were not paid for all hours worked, including overtime compensation, and their wages were subject to unlawful deduction.   In addition, proposed Plaintiff Tello alleges he and other similarly situated employees had their time records altered to reflect fewer hours than actually worked, and that he did not receive statutory minimum wages and overtime compensation.

Plaintiffs have failed to meet even the low threshold required to conditionally certify a collective action under Section 216(b) for any of the asserted FLSA claims.  Although Plaintiffs submitted affidavits from themselves and five other individuals purportedly in support their Motion, apart from various non-descriptive and unsupported statements, Plaintiffs present no facts concerning alleged company-wide unlawful employment practices or other allegedly affected similarly situated individuals.  Nowhere in either the Complaint, the proposed Amended Complaint, or in the supporting affidavits do Plaintiffs give any further factual information as to either the identity (or even identifying characteristics) of other proposed plaintiffs or the location(s) where these alleged similarly situated individuals are/were employed.

Furthermore, Plaintiffs fail to provide the Court with sufficient facts regarding their specific wage-hour claims. Instead, Plaintiffs rely completely on vague and conclusory factual allegations of the following allegedly unlawful conduct: (1) for servers, at the Commack, New York restaurant, that there were "several occasions" when a manager kept "some" that were

supposed to be distributed to other tipped employees, (2) for servers and a host, at the Commack and Holtsville, New York restaurants, that they were not paid for time at meetings which lasted 1-2 hours, held every 6 weeks, and (3) for Salad Makers at the Old Tappan, New Jersey restaurant, that their time records were altered and that they were not paid properly for all hours worked and overtime hours at premium rates.[10]

Most critically, General Managers from various Charlie Brown's Steakhouse restaurants refute Plaintiffs' wage claims and allegations of company-wide unlawful policies and practices. Submitted herewith are the declarations of six (6) current managers from locations in New York, New Jersey and Pennsylvania. (Kozak Aff. Ex. F). Importantly, the General Managers aver they have never subjected any employee to any of the wage-hour violations alleged by Plaintiffs at their particular restaurants, that they properly compensated their employees for all hours of work at their restaurants, and that employees in their restaurants have not complained of any of the unlawful conduct alleged by Plaintiffs. (Kozak Aff. Ex. F).

Plaintiffs failed to meet their burden of establishing that they are "similarly situated" to the overly broad company-wide collective action class whom they seek to solicit to join this case. There is an insufficient factual nexus between the named Plaintiffs' alleged terms and conditions of employment and those of all current and former hourly employees from all of Defendants' Charlie Brown's Steakhouse restaurants in New York, New Jersey and Pennsylvania. Plaintiffs' Motion for conditional collective action certification should be denied.

---

[10]     There are Complaint allegations regarding deductions from the wages of bartenders and servers. However, the only evidence submitted by Plaintiffs in support of that contention is the affidavit of a former manager who references that she was allegedly told to keep all bartenders' tips. (Handler Aff. ¶18). However, there is no allegation that the manager actually followed through on the alleged directive. No other affiant purports to have any knowledge of allegations that tips from bartenders were unlawfully retained. The only affiant who worked as a bartender (Patricia Rotelli) made the same boilerplate statement that "the manager kept some of my tips" that were supposed to be distributed to other employees, but she failed to separately allege that any deductions were made from her wages. (Rotelli Aff. ¶5).

**ARGUMENT**

**POINT I**

**PLAINTIFFS ARE NOT SIMILARLY SITUATED TO THE BROAD PROPSED COLLECTIVE CLASS BECAUSE THEY FAIL TO PRESENT A MODEST FACTUAL SHOWING OF A COMMON POLICY OR PLAN THAT VIOLATED THE LAW.**

Plaintiffs broadly allege that "Defendants have engaged in a policy and practice of failing to pay their employees minimum wages and overtime compensation, and improperly retaining gratuities from their tipped employees." (Pls' MOL at 3). Plaintiffs, however, fail to bring forth any specific factual allegations to support this statement. Rather, Plaintiffs' allegations contained in the Complaint, proposed Amended Complaint and submitted affidavits fall far short of plausibly suggesting that the proposed company-wide group of collective action class members were subject to a common policy or plan that violated the law.

Plaintiffs' failure to present specific factual allegations to support their Motion is critical since Plaintiffs' bear the burden (albeit nominal) of establishing that they are "similarly situated" to those whom they seek to represent collectively in this matter. See 29 U.S.C. § 216(b); Castro v. Spice Place, Inc., No. 07 Civ. 4657, 2009 U.S. Dist. LEXIS 7678, at *4-5 (S.D.N.Y. Jan. 29, 2009) (denying certification). "The threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" Prizmic v. Armour, Inc., 05-CV-2503, 2006 U.S. Dist. LEXIS 42627, at *4 (E.D.N.Y. June 12, 2006) (denying conditional collective action certification) (internal quotations omitted). "While the factual showing that they must make at this stage is modest, it must be sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Levinson v. Primedia, Inc., No.

02 Civ. 2222, 2003 U.S. Dist. LEXIS 20010, at *4 (S.D.N.Y. Nov. 6, 2003) (denying conditional collective action certification) (internal quotations omitted).

Courts consistently have held it is the plaintiffs' burden to demonstrate that other individuals are "similarly situated" to them by presenting "some factual showing" beyond mere allegation of a potential class.  See Prizmic, 2006 U.S. Dist. LEXIS 42627, at *6 (holding "[a] plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations"); Hanley v. Hand n' Heart, L.L.C., No. 4: 06-CV-71, 2007 U.S. Dist. LEXIS 64661, at *10 (E.D. Va. Aug. 31, 2007). Unsupported assertions of widespread violations are not sufficient to meet this burden.  See Bernard v. Household Int'l, Inc., 231 F. Supp. 2d 433, 435 (E.D. Va. 2002) (finding "[b]efore this court can order issuance of a notice . . . plaintiffs must demonstrate that there are others similarly situated.  Mere allegations will not suffice"); Freeman v. Wal-Mart Stores, Inc., 256 F. Supp. 2d. 941, 945 (W.D. Ark. 2003).

Plaintiffs' submission fails to provide even a "modest factual showing" to support a company-wide conditional certification.

A.    **Plaintiffs' Proposed Company-Wide Collective Action Group Is An Unsupportable Fishing Expedition.**

Plaintiffs have not presented any evidence demonstrating Defendants had a common plan or practice relating to the at-issue alleged FLSA violations.  Rather, Plaintiffs (and the individuals who submitted affidavits in support of Plaintiffs' Motion) only bring forth vague and unsupported factual allegations concerning their experiences at the Commack, Holtsville, New York and Old Tappan, New Jersey (the "Old Tappan Restaurant") Restaurants.  Plaintiffs' factual allegations regarding their own limited personal experiences are insufficient to justify the size and scope of Plaintiffs' requested collective action group.  See, e.g., Eng-Hatcher v. Sprint

Nextel Corp., 07 Civ. 7350, 2009 U.S. Dist. LEXIS 127262, at *17 (S.D.N.Y. Nov. 13, 2009) (holding the plaintiff failed to "meet the modest factual showing required by the courts when plaintiff attempts to impute her own limited experience to a nationwide class").

Plaintiffs have submitted just eight affidavits from various employees who only worked (in the collective) at the Commack, Holtsville and Old Tappan Restaurants. Yet, without even a single affidavit from an employee who worked at any restaurant outside of the Commack, Holtsville and Old Tappan Restaurants, Plaintiffs seek to certify a group of approximately 9,200 employees at 49 restaurants located across three different states.

Moreover, Plaintiffs seek to conditionally certify this overly broad collective action group without even a single specific averment of personal knowledge regarding the wage practices at any restaurant, other than the Commack, Holtsville and Old Tappan Restaurants. This is wholly insufficient as a matter of law and should not be permitted. See, e.g., Anglada v. Linen 'N Things, Inc., 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105, at *18-19 (S.D.N.Y. April 26, 2007) (recommending denial of plaintiffs' motion for collective action certification of a nationwide class where plaintiff "offer[ed] no supporting declarations or affidavits from other similarly situated employees who are located at any other LNT store, and avers no personal knowledge of the policies or practices of any LNT store other than the two stores in which he worked"); Morales v. Plantworks, Inc., 05 Civ. 2349, 2006 U.S. Dist. LEXIS 4267, at *5-6 (S.D.N.Y. Feb. 2, 2006) (denying collective action certification because plaintiffs' evidence "contain no reference to any Plantworks employee other than plaintiffs, and they make no allegations of a common policy or plan to deny plaintiffs overtime").

Plaintiffs seek to support company-wide collective action certification based on various general and non-descriptive boilerplate assertions in the provided affidavits such as

"[m]y co-workers were also not paid the minimum wage for all hours worked, nor were they paid time and one-half their hourly wage for all hours they worked over forty hours in a week Managers also wrongly kept some of my co-workers' tips;" (Goff Aff. ¶15; see also Rieckehoff Aff. ¶14; Rotelli Aff. ¶14; Pernicaro Aff. ¶16; Greene Aff. ¶11); "[m]y co-workers were also not paid time and one-half their hourly wage for all hours they worked over forty hours in a week;" (Tello Aff. ¶13; Duartes Aff. ¶14);  "I know that Charlie Brown's Restaurant did not pay my co-workers all of their wages because sometimes we would discuss and compare our wages to see if we were paid correctly;"   (Goff Aff.  ¶16;  see also  Rieckehof f Aff.  ¶15;  Rotelli  Aff.  ¶15; Pernicaro Aff. ¶17; Greene Aff. ¶12; Tello Aff. ¶14; Duartes Aff. ¶15); and "I know that Charlie Brown's Restaurants did not pay all of its employees at other Charlie Brown's locations their wages because my co-workers told me they had friends and family who worked at these other locations and they were similarly not paid their proper overtime wages." (Tello Aff. ¶15; Duartes Aff. ¶16).

It is readily apparent that the above-mentioned allegations from Plaintiffs' and their supporting affiants fail to contain any contention regarding any restaurant beyond the location at which they were employed.[11]  Only the Tello and Duartes affidavits contain a passing reference to other locations.  As to other restaurants, the affidavits of Tello and Duartes contain the ambiguous hearsay allegation that "my co-workers told me they had friends and family who worked at these other locations and they were similarly not paid their proper overtime wages." (Tello Aff. ¶15; Duartes Aff. ¶16).  However, neither the Tello nor Duartes affidavits, nor any of

---

[11]       Importantly, the Complaint, proposed Amended Complaint and submitted affidavits are incomprehensibly vague as to the material circumstances surrounding even the Plaintiffs and the affiants' allegations.  See Seever v. Carrols Corp., 528 F. Supp. 2d 159, 174 (W.D.N.Y. 2007); see also Dreyer v. Altchem Environmental Services, Inc., 06-2393, 2007 U.S. Dist. LEXIS 71048, at *10 (D. N.J. Sept. 25, 2007) (denying plaintiffs' motion for reconsideration of its motion for conditional certification because the affidavits where so "bereft of detail that they lead the Court to question whether their facts are indeed within their personal knowledge of the affiants").

the other affidavits contain any more specific factual allegation about practices with respect to employees who work at any other restaurant. Indeed, collectively, these affidavits, including the Tello and Duartes affidavits, do not list a single name, location, and/or position of allegedly similarly situated employees at other locations allegedly subjected to the same alleged wage-hour violations.

Moreover, the vague allegations in Ruth Handler's affidavit fail to establish a company-wide common policy and practice violative of the FLSA. Specifically, Handler alleges "[w]hen I worked at Charlie Brown's Restaurants as a Manager, upper management told me to take some of the tipped employees tips and use this money for restaurant expenses." (Handler Aff. ¶17) (internal quotations omitted). Handler also states that, "[w]hen I worked at Charlie Brown's Restaurants as a Manager, upper management told me to keep all tips bartenders were entitled to pay for bar expenses such as refilling liquor supplies." (Handler Aff. ¶18) (internal quotations omitted).[12] These allegations, however, are insufficient to support company-wide conditional certification; particularly since Handler fails to state who in management allegedly gave the aforementioned directives, when and where such directives were given, and whether she complied with these alleged directives, violating the Company's policies and the law by unlawfully retaining an employees' tips.

Nevertheless, without a single specific factual averment, Plaintiffs seek company-wide certification. Specifically, based entirely on vague and conclusory allegations, Plaintiffs seek to certify approximately 9,200 employees at 49 different restaurants who worked under 49 different General Managers. The Court cannot conditionally certify such a large collective

---

[12]      Neither the Complaint nor any of the affidavits (including Handler's affidavit) contain any allegation that either Defendant Sam Borgese or any other manager was aware that employees' tips were unlawfully retained by a manager. In fact, there are no allegations in any document submitted by Plaintiffs that Mr. Borgese engaged in or had knowledge of any unlawful conduct whatsoever.

action group on the basis of Plaintiffs' less than thin factual support.  See Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) (denying plaintiffs' motion to certify all Brooklyn stores which were under a number of different managers where plaintiffs all worked in the same location and failed to offer any evidence to support such a broad certification).

　　　　For example, in Monger v. Cactus Salon & Spa's LLC, 08-CV-1817, 2009 U.S. Dist. LEXIS 60066 (E.D.N.Y. July 6, 2009), plaintiffs, who were both employed at the South Oyster Bay Road Salon, brought several wage-hour violations against their employer, and sought to conditionally certify employees at the employer's 25 salon locations.  Plaintiffs submitted affidavits stating they believed the other salons' employees were subjected to the same wage-hour violations.  In denying plaintiffs' motion, Judge Block held that the "plaintiffs' evidence is insufficient to justify a class certification of either overtime or minimum-wage claims in behalf of Cactus Salon employees at locations other than South Oyster Bay Road." Id. at *5.  The court further stated that "[p]laintiffs' only evidence that other locations' employees are similarly situated is that they "believe" that all hair stylists and shampoo assistants are subject to the same policies. They offer no basis for this belief; *they name no individuals at other salons who are similarly situated; and they provide no documentary evidence that policies are the same at different Cactus Salon locations."* Id. (emphasis added).

　　　　Similarly, the plaintiffs in Bernard v. Household International, Inc., 231 F. Supp. 2d 433 (E.D.N.Y. 2002), sought to conditionally certify a company-wide group.  The court, however, denied plaintiffs' request because the "information provided by plaintiffs, both in the pleadings and in supporting declarations and exhibits, [was] insufficient to support allegations that defendant [had] a company-wide policy resulting in potential FLSA violations. The incidents highlighted in the allegations and declarations instead focus on the facts of supervisors

15

at the individual offices in Chesapeake and Virginia Beach." Id. at 435. Moreover, the court highlighted the fact that there were "no declarations from employees in offices other than Chesapeake and Virginia Beach. There [were] not even any specific allegations regarding practices in other offices—no names of employees or supervisors, and no indication that the problems alleged through first-hand knowledge in the two Virginia offices existed elsewhere." Id. at 436. As such, the court conditionally certified only the two Virginia locations.

Consistent with the holdings in Monger and Bernard, given the breadth of the proposed collective action group, and Plaintiffs' scant and unsupported allegations, certification on a company-wide basis is inappropriate. See, e.g., Burkhart-Deal v. Citifinancial, Inc., No. 07-1747, 2010 U.S. Dist. LEXIS 9534, at *19 (W.D. Pa. Feb. 4, 2010) (limiting plaintiffs' requested conditional certification to only those locations "identified in the declarations where Plaintiff has given reason to believe that violations occurred"); Anglada, 2007 U.S. Dist. LEXIS 39105, at *18-19; Seever v. Carrols Corp., 528 F. Supp. 2d 159, 174 (W.D.N.Y. 2007); Torres v. CSK Auto, Inc., EP-03-CA-113, 2003 U.S. Dist. LEXIS 25092, at *7-9 (W.D. Tex. Dec. 17, 2003) (denying multi-state certification where employees from a single location attested to nationwide violations, "having been notified of such violations through encounters with other employees employed by defendant outside El Paso").

**B.**     **Plaintiffs' Proposed Collective Action Group Who Are/Were Not Servers, Hosts(Esses), Or Bartenders At The Commack And Holtsville Restaurants, Or Salad Makers At The Old Tappan Restaurant Is Not Supported By Any Factual Allegations, Much Less Any Modest Factual Showing.**

Plaintiffs' Memorandum of Law in Support of their Motion for Conditional Certification seeks conditional collective action certification of a group consisting of "[t]he Plaintiffs and all current and former employees of... [Defendants].., who performed work as wait staff, hosts(esses), bartenders, salad makers, dishwashers, and other restaurant related tasks

throughout New York, New Jersey, and Pennsylvania from 2007 through the present. Corporate officers, shareholders, directors, administrative employees, and other customarily exempt employees are not part of the defined class." (Pls' MOL at 7).

This proposed overly broad company-wide group is not "similarly situated" to Plaintiffs for purposes of FLSA conditional certification. <u>Castro v. Spice Place, Inc.</u>, No. 07 Civ. 4657, 2009 U.S. Dist. LEXIS 7678 (S.D.N.Y. Jan. 29, 2009). As the Court held in <u>Castro</u>, at the conditional certification stage the Plaintiffs must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a <u>common policy or plan</u> that violated the law. <u>Id.</u> at *5. The Court must determine whether there is a factual nexus between the named Plaintiffs' terms and conditions of employment and those of other current and former employees alleged to be similarly situated. <u>Id.</u> Here, as in <u>Castro</u>, Plaintiffs have failed to make such a showing. <u>See also</u> <u>Fengler v. Crouse Health Foundation, Inc.</u>, 595 F. Supp. 2d 189 (N.D.N.Y. 2009) (refusing to conditionally certify a class of all hourly workers).

1.  **The Allegations Regarding Improper Retention Of Tips Are Limited To Servers and Bartenders At The Commack And Holtsville Restaurants.**

Plaintiffs' Complaint, proposed Amended Complaint and affidavits fail to allege any facts that demonstrate that a manager retained tips at any location other than the Commack and Holtsville Restaurants. For instance, Plaintiff Goff and Rieckehoff were servers at the Commack Restaurant; Rotelli was a server and bartender at the Commack Restaurant[13]; Penicaro was a server at the Holtsville Restaurant; Plaintiff Greene was a hostess at the Commack and Holtsville Restaurants; and proposed Plaintiff Tello and Duartes were non-tipped salad makers at

---

[13]     Affiant Rotelli was employed as a server at the Mamaroneck Restaurant until January 2007; however, this assignment occurred outside of the FLSA limitations period, and as such, has no relevance to the instant Motion. Similarly, Affiant Handler's allegations regarding her tenure as a server at the Commack Restaurant occurred outside of the FLSA limitations period and has no bearing on the instant Motion.

the Old Tappan Restaurant.  As discussed above, none of these affidavits contain any allegation regarding improper retention of tips at any location other than the Commack and Holtsville Restaurants.  Moreover, retention of any portion of employee tips by managers has always been expressly prohibited by Defendants' clear written policies.  (Hand Aff. Ex. 1).  Any such alleged unlawful conduct certainly would be contrary to Defendants' policies and practices and, even if true, it would be the act of a noncompliant individual manager at a single location rather than a company-wide policy.

Further, Plaintiffs proffer no evidence whatsoever to support their allegations that any other position had gratuities improperly retained.  Indeed, no other positions at any other location are even mentioned in Plaintiffs' moving papers as having had tips improperly retained from them.  Moreover, the statements in Plaintiffs' submitted affidavits do not state that any other position was subject to any improper retention of tips.

As such, conditional certification of any group other than servers and bartenders at the Commack and Holtsville Restaurants is unsupportable.  See Anglada, 2007 U.S. Dist. LEXIS 39105, at *27; see also Monger, 2009 U.S. Dist. LEXIS 60066, at * 5-6 (finding evidence sufficient to certify FLSA collective action only as to individuals who worked at same location as the two named plaintiffs, in same job titles) citing Laroque, 557 F. Supp. 2d at 355-56 (certifying class for one Domino's location but denying certification for other locations where plaintiffs' only evidence that other employees were similarly situated was one employee's affidavit regarding his experience at another store and several pieces of hearsay).

### 2. The Affidavits Only State That Employees At the Commack And Holtsville Restaurants Were Required To Attend Mandatory One To Two Hour Meetings (Every Six Weeks).

Plaintiffs' allegations that they were "required to attend staff meetings approximately every 6 weeks, which lasted 1 to 2 hours," and for which they did not receive any wages is equally unfounded and inappropriate for certification beyond the Commack and Holtsville Restaurants. This allegation is solely contained within the affidavits of Plaintiff Goff, Rieckehoff, Rotelli, Pernicaro, and Plaintiff Greene which were all Commack and/or Holtsville Restaurant employees. Plaintiffs proffer no allegations that any employee at any other restaurant was similarly required to attend such staff meetings without pay. In fact, such allegations also are absent from proposed Plaintiff Tello's and Duartes' affidavits.

Therefore, conditional certification for this claim should be limited to hosts(esses), bartenders, and servers at the Commack and Holtsville Restaurants.

### 3. Plaintiffs' Overtime Claim Is Inappropriate For Employees Other Than Salad Makers At The Old Tappan Restaurant.

Plaintiffs' final claim for which they seek conditional certification concerns the allegation that "Defendants also failed to pay Plaintiffs and members of the putative class overtime compensation for all hours worked in excess of 40 hours in any given week." (Pls' MOL at 5).[14] Although Plaintiff Greene and Pernicaro contend their paystubs did not accurately reflect all the hours they purportedly worked, they do not allege they ever worked overtime for which they were not compensated.

The only statements Plaintiffs use to support the overtime claims are contained within the affidavits of proposed Plaintiff Tello and Duartes. Proposed Plaintiff Tello's and

---

[14]     Although Plaintiffs' submitted affidavits contain an allegation regarding the improper failure to provide vacation pay, vacation is not at-issue in the instant Motion concerning conditional certification under the FLSA. Nevertheless, Defendants deny the allegations.

Duartes' allegations, and the assertions set forth in the Complaint and proposed Amended Complaint, however, are insufficient to support any claim for overtime, let alone a company-wide claim.[15]  See generally Mena v. McArthur Dairy, No. 09-12657, 2009 U.S. App. LEXIS 21142 (11th Cir.  Sept. 22, 2009) (dismissing  plaintiff's minimum wage claim on summary judgment where complaint "contained nothing more than a bare bones assertion that 'he was not paid any amount of wages for hours worked in excess of forty hours weekly which would constitute a minimum wage violation'").   Thus, conditional certification for this claim is inappropriate.  Dreyer, 2007 U.S. Dist. LEXIS 71048, at *10 (denying plaintiffs' motion for reconsideration of its motion for conditional certification because the affidavits where so "bereft of detail that they lead the Court to question whether their facts are indeed within their personal knowledge of the affiants").   If the Court deems conditional certification warranted, it should limit the collective action group to only the location and position for which the court has a factual showing (i.e., salad makers at the Old Tappan Restaurant).

**C.**      **If The Court Grants Plaintiffs' Motion For Conditional Certification, Notice Should Be Limited To Two Years.**

There is no evidence that Defendants willfully violated the FLSA.[16]  "Willfulness cannot be found on the basis of mere negligence or 'on a completely good faith but incorrect assumption that a pay plan complied with the FLSA in all respects.'"  Bowrin v. Catholic Guardian Soc., 417 F. Supp. 2d 449, 475 (S.D.N.Y. 2006) (quoting Boekemeier v. Fourth

---

[15]       The claims that these specific employees' time records were altered so as to not accurately reflect all hours worked are too individualized to warrant collective action treatment.  See Diaz v. Electronics Boutique of America, Inc., 04-CV-0840E, 2005 U.S. Dist. LEXIS 30382, at *16 (W.D.N.Y. Oct. 17, 2005).  Moreover, proposed Plaintiff Tello's and Duartes' claims are wholly undermined by the fact that, throughout their respective employments with Defendants, they routinely received overtime.   (See Hand Aff. Ex. 4).  As such, even accepting Plaintiffs' allegations – essentially, that their schedule and their paycheck did not match up in some unspecified workweeks – the same untenable, individualized class member analysis articulated in Diaz would be required here.

[16]       The Second Circuit has explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act."  Brock v. Superior Care, Inc., 840 F.2d 1054, 1062 (2nd Cir. 1988).

Universalist Soc'y in the City of New York, 86 F. Supp. 2d 280, 288 (S.D.N.Y. 2000). Under this standard, Plaintiffs have not alleged facts sufficient to demonstrate that Defendants knew of the alleged FLSA violations, or that they acted with reckless disregard of violating the FLSA, particularly in light of the clear policies and various avenues for raising complaints or concerns regarding improper practices. Indeed, numerous employees have confirmed that Defendants' pay practices <u>were</u> in all respects complaint with the FLSA. Accordingly, if this Court decides to conditionally certify a class, notice should properly be limited to only two years.

## POINT II

## THE MOTION TO AMEND SHOULD BE DENIED.

Although leave to amend a complaint is freely given when justice so requires, Plaintiffs should not be permitted to amend their complaint to assert wage-hour claims under Pennsylvania law because no named Plaintiff and/or affiant ever worked in Pennsylvania. In addition, there are <u>no</u> factual allegations contained in the Complaint, proposed Amended Complaint or any of the affidavits that any purported violation at-issue in this matter occurred in Pennsylvania. As such, there is no basis to bring any Pennsylvania claim in the instant matter.

Further, proposed Plaintiff Tello and the New Jersey State Law claims are predicated on Defendants' failure to pay overtime by allegedly materially altering Tello's, and other similarly situated employees' time records so as to not accurately reflect all hours they purportedly worked. As stated above, although Plaintiff Greene and Pernicaro contend their paystubs did not accurately reflect all the hours they purportedly worked, they do not allege they ever worked overtime for which they were not compensated. Moreover, proposed Plaintiff Tello was not a server, bartender or host at either the Commack or Holtsville New York Restaurants. Consequently, he is not similarly situated to any of the originally named plaintiffs. As such,

Plaintiff Tello and the New Jersey State law claims are not based on same transaction, occurrence, or series of transactions or occurrences, and do not contain a common question or law or fact, as Plaintiffs' claims.  As a result, joinder of proposed Plaintiff Tello and the New Jersey State law claims would be improper.  See generally, Lai v. Donna Karan Store Corp., 99 Civ. 2095, 1999 U.S. Dist. LEXIS 13458 (S.D.N.Y. Sept. 1, 1999); Roe v. CC Services, Inc., No. 04-CV-4051, 2005 U.S. Dist. LEXIS 36381 (S.D. Ill. Aug. 10, 2005).

**POINT III**

**IF THE COURT APPROVES A CONDITIONAL COLLECTIVE ACTION CLASS PLAINTIFFS' PROPOSED NOTICE MUST BE MODIFIED.**

If the Court permits notice to be sent to potential members of the collective action, the proposed notice submitted by Plaintiffs is defective in several respects and should not be approved.  Plaintiffs' proposed notice should be stricken because: (1) subject to the Court's modification, the group identified for receipt of the proposed notice is inconsistent with the definition proposed by Plaintiffs in their motion papers; (2) the proposed notice is likely to confuse recipients and substantially prejudice Defendants; and (3) the text of the proposed notice is inaccurate, confusing, does not convey judicial neutrality, and fails to inform potential participants of their obligations, should they choose to opt-in.

**A.**     **The Group Identified To Receive The Notice Is Inconsistent And Unclear.**

As set forth in detail herein, Plaintiffs are not similarly situated to individuals in the proposed collective action group.  Moreover, the proposed group identified in the Notice is materially different from the collective action group delineated in Plaintiffs' Memorandum of Law.  Any notice must clearly define the conditionally certified collective action class, consistent with the Court's ruling on the instant motion.

22

**B.**     **Minimal Information In The Notice Regarding Defendants' Position Is Unfairly Prejudicial.**

While Plaintiffs' proposed notice includes a brief statement that Defendants deny Plaintiffs' allegations of overtime violations, fairness dictates that Defendants be permitted to further articulate their position in the litigation, including any particular defenses they believe are applicable.  It is critical that the notice contain a full and balanced disclosure of both parties' position in the matter because this may be the first communication potential opt-in plaintiffs receive about this lawsuit.  See Belcher v. Shoeney's, Inc., 927 F. Supp. 249, 253 (M.D. Tenn. 1996) (authorizing notice that included statement of employer's affirmative defenses); Belt v. Emcare, Inc., 299 F. Supp. 2d 664, 671 (E.D. Tenn. 2003) (same).

**C.**     **The Notice Is Not Facially Neutral And Misleads Potential Opt-Ins With Respect To Their Obligations.**

The notice must avoid any appearance that the action is sanctioned by the Court. A statement in the notice should be included that provides as follows:

> Although the Court has authorized Plaintiffs' counsel to send this notice, the Court expresses no opinion regarding the merits of the claims in this case, if any.  Plaintiffs' claims and the claims of any person who joins the lawsuit may be subject to later dismissal if the Court finds that the claims lack merit or that this lawsuit cannot be litigated on a collective basis.

Also, any reference to a "class" is unduly misleading to a layperson. Bah v. Shoe Mania, Inc., No. 08 Civ 9380, 2009 U.S. Dist. LEXIS 40803, at *12 (S.D.N.Y. May 13, 2009). Moreover, any references to "improperly withheld wages" are too prejudicial and could give laypersons the impression that Plaintiffs' allegations are founded, and/or undisputed.

Further, the following language from the first full paragraph on page 3 of the proposed notice should be deleted:

23

> [i]f you wish to participate in this portion of the lawsuit, you must have the enclosed written "Consent to Join Lawsuit" Form filed with the Clerk of the Court. If you do not sign and mail the "Consent to Join Lawsuit" form to the address listed below, you will not be permitted to seek recovery of unpaid wages under the Fair Labor Standards Act in this case.

This language implies that if the recipient does not opt-in, a private suit is not available. To clarify, the sentence should read:

> If you choose not to join the suit, you will not be affected adversely by any settlement, agreement or judgment. It is your own decision whether or not to join this suit (or to file a suit of your own). You are not required to file a consent or to take any action unless you want to. If you decide to join this case by filing a consent, you should send the Consent to Join to the Clerk of the Court. Please note, if you decide to join this action, you will be bound by any settlement agreed to by the Class Representatives or by the Judgment of the Court.

Similarly, the Consent to Joinder should have the following language removed "[i]f you wish to seek recover of unpaid overtime under the Federal Fair Labor Standards Act." This language should be replaced with the following provision "if you decide to join this case." In addition, the Consents should be sent to the Clerk of the Court, or if the Opt-In Plaintiffs select Plaintiffs' Counsel to represent them, the consent forms should be mailed to Plaintiffs' counsel.

Potential opt-ins should be informed that if they decide to participate in the lawsuit, Plaintiffs Goff and Greene will be their agents and will make decisions on their behalf concerning the litigation; the method and manner of conducting this litigation; entering into an agreement with Plaintiffs' counsel concerning attorney's fees and costs; any settlement thereof; and, any other matters pertaining to this lawsuit. Potential opt-ins also should be informed that

24

decisions and agreements made and entered into by the assigned Representative will be binding if they choose to join this lawsuit and delegate decision making authority. This provision also should be included in the consent form.

Perhaps most importantly, any notice to potential opt-in plaintiffs <u>must</u> include a full description of the potential consequences of their participation in the litigation to ensure that any such plaintiff's decision to opt-in to the class is based on a full and fair informed consent. In particular, notice of the collective action should include a statement that the opt-in plaintiffs may be required to participate in written discovery and that they may be required to appear for deposition and/or trial in the Eastern District of New York. <u>See Bah</u>, 2009 U.S. Dist. LEXIS 40803, at *11.

Finally, the notice must also include the contact information for Defendants' counsel as one source from whom potential plaintiffs could obtain information. <u>See Bah</u>, 2009 U.S. Dist. LEXIS 40803, at *12.

If the Court deems notice appropriate to a conditional class of similarly situated persons, Defendants propose the form of the notice attached as Exhibit "G" to the Kozak Affirmation in support of Defendants' Opposition.

## <u>CONCLUSION</u>

As set forth above, Plaintiffs' motion is unsubstantiated by facts. Defendants respectfully request that the Court enter an Order denying Plaintiffs' motions for conditional collective action certification and to amend the Complaint, awarding Defendants the costs they have incurred in opposing the instant motion, and avoiding such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, 15th Floor
White Plains, New York 10601
(914) 328-0404
(914) 328-1882 Facsimile

By: _____

Jonathan M. Kozak
*kozakj@jacksonlewis.com*
Michael A. Jakowsky
*jakowskym@jacksonlewis.com*
*Attorneys for Defendants*

Dated: July 12, 2010
       White Plains, New York

26

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CASSANDRA GREENE and ELIZABETH GOFF,
individually and on behalf of all other persons
similarly situated who were employed by C.B.
HOLDING CORP. d/b/a CHARLIE BROWN'S
STEAKHOUSE; CHARLIE BROWN'S
ACQUISITION CORP.; CHARLIE BROWN'S OF
COMMACK, LLC; CHARLIE BROWN'S OF
HOLTSVILLE, LLC; and/or any other entities
affiliated with or controlled by C.B. HOLDING
CORP. d/b/a CHARLIE BROWN'S
STEAKHOUSE; CHARLIE BROWN'S
ACQUISITION CORP.; CHARLIE BROWN'S OF
COMMACK, LLC; CHARLIE BROWN'S OF
HOLTSVILLE, LLC,

                                         Plaintiffs,

                -against-

C.B. HOLDING CORP. d/b/a CHARLIE
BROWN'S STEAKHOUSE; CHARLIE BROWN'S
ACQUISITION CORP.; CHARLIE BROWN'S OF
COMMACK, LLC; CHARLIE BROWN'S OF
HOLTSVILLE, LLC; and/or any other entities
affiliated with or controlled by C.B. HOLDING
CORP. d/b/a CHARLIE BROWN'S
STEAKHOUSE; CHARLIE BROWN'S
ACQUISITION CORP.; CHARLIE BROWN'S OF
COMMACK, LLC; CHARLIE BROWN'S OF
HOLTSVILLE, LLC; and SAMUEL BORGESE,

                                    Defendants.

------------------------------------------------------------x

Civ. No. 10 CV 1094 (JBW) (CLP)

## CERTIFICATE OF SERVICE

        I, hereby certify that a true and correct copy of Defendants' Memorandum of Law

In Opposition To Plaintiffs' "Motion for Conditional Certification and Notice to the Class" and

"Motion to Amend the Complaint" was served via ECF and regular U.S. mail, postage pre-paid,

on July 12, 2010 upon:

Lloyd R. Ambinder
Kara Belofsky
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006

*Attorneys for Plaintiffs and Putative Class*

Jonathan M. Kozak