FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 2 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASSANDRA GREENE and ELIZABETH GOFF, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>– against –<br><br>C.B. HOLDING CORP. d/b/a CHARLIE BROWN'S STEAKHOUSE et al.,<br><br>Defendants. | ORDER<br><br>10-CV-1094 |

**JACK B. WEINSTEIN, Senior United States District Judge:**

    Plaintiffs bring this putative collective action, alleging that defendants operators of Charlie Brown's Steakhouse restaurants failed to pay minimum wage and overtime compensation and improperly withheld wages and tips owed to plaintiffs and other members of the putative class, in violation of the Federal Fair Labor Standards Act (FLSA) and New York and New Jersey state laws.

    Plaintiffs move for leave to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, to add Martin Tello as an additional named plaintiff and to add claims for unpaid wages under Pennsylvania state law.

    Plaintiffs also seek conditional certification of a class of "similarly situated" employees under section 216 (b) of the FLSA, 29. U.S.C. § 216(b). Plaintiffs have submitted eight affidavits alleging that violations of the FLSA resulted from a companywide policy implemented by the operators of Charlie Brown's Steakhouse restaurants. At this preliminary stage, conditional certification requires a minimal factual showing that members of a class are



"similarly situated." For the reasons below, plaintiffs' motions to amend the complaint and for conditional certification are granted.

## Facts

Charlie Brown's Steakhouse restaurants ("Charlie Brown's") are operated by defendants in New York, New Jersey, and Pennsylvania. *See* Compl. ¶ 24. Plaintiffs Cassandra Greene and Elizabeth Goff were employees at Charlie Brown's in New York and New Jersey. Plaintiff Goff and opt-in plaintiffs Christina Rieckehoff and Patricia Rotelli worked as servers and bartenders. *See* Pl.'s Reply Mem. of Law in Further Supp. of Mot. for Conditional Certification at 3 ("Pl's Reply"). At the end of their shifts, they gave their tips to Charlie Brown's managers as part of a tip-pooling arrangement. *Id.* Plaintiffs allege that the managers unlawfully retained a portion of these tips for personal use and/or to pay restaurant expenses. *Id.* In addition, opt-in plaintiff Ruth Handler states that she worked as a manager in four different Charlie Brown's locations and was instructed to take a percentage of the tips collected by tipped employees and use the money as a "slush fund" for restaurant and/or bar expenses. *Id.* at 4. It is alleged that managers at the corporate level were aware that restaurant managers were unlawfully retaining portions of tipped employees' gratuities. *Id.* Plaintiffs further assert they were required to attend staff meetings for which they were not compensated. *Id.* at 6.

Defendants are alleged to have failed to pay overtime compensation for hours worked in excess of 40 hours in any given week. Plaintiff Greene, who worked as a hostess at two Charlie Brown's locations, alleges that her pay stubs did not accurately reflect all the hours that she worked. *Id.* at 4. Plaintiffs Tello and Hector Duartes both worked as salad makers at New Jersey Charlie Brown's locations. They contend that they were not paid overtime compensation for all hours over 40 that they worked. *Id.* 5.

In addition to the New York and New Jersey restaurants violating the FLSA, plaintiff Handler's affidavit states that "Brian," a manager in the Buckhorn and Redding Pennsylvania locations, was told by upper management to take employees' tips to create a slush fund and to pay liquor expenses. *Id.* at 4. Plaintiff Handler further alleges that based on her personal experience as manager, and information she obtained from another Charlie Brown's manager, at multiple Charlie Brown's locations overtime wages were not properly paid and employees' time cards were altered. *Id.*

## Applicable Law

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Leave to amend is normally only denied in cases of undue delay, bad faith, prejudice to the opposing party, or futility. *See, e.g., Foman v. Davis,* 371 U.S. 178, 182 (1962); *Mackensworth v. S.S. Am. Merchant,* 28 F.3d 246, 251 (2d Cir.1994).

Pursuing FLSA claims collectively is contemplated by section 216(b) of the FLSA, which provides that an action under the FLSA to recover unpaid wages:

> may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29. U.S.C. § 216(b). District courts have discretion under this section to direct a defendant employer to disclose the names and addresses of similarly situated potential plaintiffs and to authorize the sending of notice to these individuals, so that they may "opt in" to the collective action. *See, e.g., Laroque v. Domino's Pizza, LLC,* 557 F.Supp.2d 346, 351 (E.D.N.Y. 2008)

Conditional certification under the FLSA is a two-step process:

> In determining whether a matter should proceed as a collective action, courts follow a two-step process, looking first to the pleadings and affidavits to determine whether the putative class members are "similarly situated." If the plaintiffs can satisfy a minimal burden of showing that they are similarly situated to the potential class members, the court certifies the class and provides for notice to be sent to the potential class members who are then given the chance to opt in to the action. After discovery, a second inquiry begins, generally precipitated by a defendant's motion for decertification, in which the court examines with a greater degree of scrutiny whether the members of the plaintiff class-including those who have opted in-are similarly situated. If the court is satisfied at this stage that the class members are similarly situated, the collective action proceeds to trial; otherwise, the court decertifies the class, and the class members must pursue their claims individually.

*Id.* at 352 (citations omitted); *see also Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005) ("The Second Circuit has held that a district court has the power to order that notice be given to other potential members of a plaintiff class under the opt-in provisions of the FLSA." (citing *Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335 (2d Cir. 1978)).

Neither the FLSA nor its implementing regulations defines the term "similarly situated." The first stage, however, is governed by a lenient standard. Plaintiffs need only make a "modest factual showing" sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 152 (2d Cir. 2008); *see also, e.g., Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367-68 (S.D.N.Y. 2007). This is a more liberal standard than under Rule 23 of the Federal Rules of Civil Procedure because "no showing of numerosity, typicality, commonality and representativeness need be made." *Iglesias-Mendoza*, 239 F.R.D. at 368.

In making the determination at the notice stage of whether a class of "similarly situated" plaintiffs exist, courts require nothing more than substantial allegations that the putative class

members were together the victims of a single decision, policy, or plan "infected by discrimination." *See Scholtisek*, 229 F.R.D. at 387 (quoting *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995)). "The Court must determine whether there is a 'factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees].'" *Mentor v. Imperial Parking Systems, Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007) (alterations in original; quoting *Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249, 262 (S.D.N.Y. 1997)); *see also id.* (granting conditional certification where plaintiff "presented declarations asserting that Defendants had a policy of denying overtime pay to parking attendants").

Although the plaintiff's burden at this initial stage is not onerous, mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made. *See, e.g., Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000) (granting conditional certification based upon plaintiff's deposition testimony). A plaintiff must provide evidence of a factual nexus between his situation and those of claimants similarly situated; mere conclusory allegations are not enough. *See, e.g., Prizmic v. Armour*, 05-CV-2503, 2006 WL 1662614, at *3 (E.D.N.Y. June 12, 2006) (denying conditional certification where plaintiff had "not submitted *any* evidence by affidavit or otherwise to demonstrate that he and other potential plaintiffs were victims of a common policy or plan that violated the law" (original emphasis)).

In *Iglesias-Mendoza,* for example, plaintiffs were duck feeders on La Belle Farm who brought a cause of action against the farm operator under the FLSA. The plaintiffs alleged that over the course of several years, the employees at La Belle Farm and the defendants' other poultry facilities were not paid the minimum wage or overtime wages. All of the proposed class members were current or former employees of the defendants' poultry facilities. In their declarations, the named plaintiffs set forth some of the factual bases for their claims along with

their knowledge of the applicability of their claims to other members of the proposed class. *See* 239 F.R.D. at 368.

The defendant argued that because the plaintiffs had the unique job of being duck feeders at La Belle Farm, they should not have been able to allege a common practice with respect to other workers at defendants' other poultry facilities. It was contended that the collective action should be limited to employees of defendant's duck feeding operations. *Id.* The court disagreed, noting that only limited discovery had taken place, and that plaintiffs were entitled to rely on the pleadings and their own declarations at the conditional certification stage. *Id.* Plaintiffs had declared that they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class. The court held that plaintiffs had made the modest showing that was required, and granted conditional certification. *Id.; see also, e.g., Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (granting conditional certification and noting, "[e]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case" (quoting *Krueger v. New York Telephone Co.*, Nos. 93 CIV. 0178, 93 CIV. 0179, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)).

In cases in which conditional certification has been denied, the plaintiffs typically have failed to make any factual showing beyond conclusory statements in the pleadings. In *Prizmic v. Armour*, for example, the court denied conditional certification because plaintiff had not submitted *any* evidence by affidavit or otherwise to demonstrate that he and other potential

plaintiffs were victims of a common policy or plan that violated the law. There, plaintiff had made only general allegations in his complaint. *See* 2006 WL 1662614, at *3.

### Application of Law to Facts

Plaintiff's motion to amend the complaint is appropriate and should be granted under Rule 15, given the early stage of the proceedings. There is no evidence of undue delay, bad faith, or prejudice to defendants.

Conditional certification is warranted. Plaintiffs have submitted eight affidavits of current and former employees alleging company-wide illegal activities by the defendants. These affidavits carry the initial burden for purposes of conditional certification in an FLSA action.

Plaintiffs here have met the same threshold as plaintiffs in other cases in which conditional certification was granted. As the court in *Iglesias-Mendoza* put the matter:

> At this preliminary certification stage, plaintiffs have satisfied their minimal burden of showing that they are 'similarly situated' to the proposed class members. All of the proposed class members are current or former employees of the defendants' poultry facilities. In their declarations, the named plaintiffs set forth some of the factual bases for their claims along with their knowledge of the applicability of their claims to members for the proposed class. The named plaintiffs have adequately alleged that they together with the proposed class members were subjected to common wage, overtime and payroll practices that violated the FLSA. Having done so, they are entitled to proceed in a representative capacity.

239 F.R.D. at 368.

In this case, unlike *Prizmic v. Armour*, 2006 WL 1662614, at *3, plaintiffs have submitted sworn statements supporting their contention that the alleged wage and hour violations were experienced at five New York locations, one New Jersey location, and two Pennsylvania locations. *See* Pl's Reply at 2. In addition, Ruth Handler, a former manager of a Charlie Brown's, supported the class by declaring that she and other managers were directed by a

Regional Manager to use tip money to create a "slush fund" for miscellaneous restaurant expenses, as well as to retain bartender tips in order to refill liquor supplies. *See id.* at 4.

These specific factual allegations constitute a minimum showing that defendants maintained a common policy in unlawfully taking employees' tips, failing to pay overtime wages, and denying plaintiffs proper compensation for mandatory meetings.

## Conclusion

The motion to amend the complaint and the motion for conditional certification are granted. Notice shall be sent out to all "similarly situated" employees. The parties shall agree on the form of notice and publication requirements and submit it promptly to the court for approval.

The form of notice, once approved, shall be posted on a publicly available website by plaintiffs' counsel. The website shall contain a link to the public docket for this case as maintained on the court's Electronic Filing System. The Clerk of the Court shall ensure that the public docket, and all filed documents, are freely available to potential class members without charge. The form of notice shall contain: (1) the internet address where the form of notice shall be posted by plaintiff's counsel; (2) the internet address for accessing the public docket for this case; (3) any necessary instructions for accessing the public docket; and (4) the fact that access to the docket is free and without charge.

SO ORDERED.

Jack B. Weinstein  
Senior United States District Judge

Dated: August 11, 2010  
       Brooklyn, New York